Dunkin, Ch.
delivered the opinion of the Court.
The Court concurs with the Chancellor that in giving construction to the Statute of 1811, the decisions of New York should be followed. It has been ruled by the Court of Errors in that State that “ every stock-holder in a company of this de *233 scription incurs tbe risk, under the Statute of 1811, of not only losing the amount of stock subscribed, but is also liable for an equal sum, provided the debts due and owing at the time of dissolution are of such magnitude as to require itand, again, “ the statute declares their liability without reference to the amount they have paid in on their stock.” Briggs vs. Penniman, (8 Cowen, 387).
We think, too, that the state of facts disclosed by the evidence, authorised the complainants to maintain their bill, without joining the other stock-holders as defendants.
The question of interest presents more difficulty. Strictly speaking, no contract existed between the complainants and the defendants. The defendants are no parties to the notes, nor is their liability measured by the amount of those notes. The contract is with the corporation, which has an existence as separate from the individuals who compose it, as those individuals have from each other. The defendants might not have been members of the corporation when the debt was contracted, or when the notes were dishonored. They are rendered liable by the stringent provisions of the statute, and by nothing else. This fixes their liability, and measures the extent of it. “ For all debts due by the company at the time of its dissolution, the persons then composing such company shall be individually responsible to the extent of their respective shares of stock in the said company, and no furtherAccording to the construction given to this clause by the New York adjudications, this amounts, substantially, to a forfeiture of so much beyond the original subscription — so much beyond the contract of the parties, which was only to pay a stipulated sum according to the number of shares subscribed. But this extraordinary liability cannot be enforced, unless required for the satisfaction of the debts of the corporation. It cannot be exceeded, although ninety cents in the dollar of those debts remain unsatisfied. If the defendants had entered into a bond in the penalty of seven thousand dollars, conditioned to pay the debts of the corporation, or to do any other act, the recovery is never permitted to exceed the pen *234 alty. Bonsall vs. Taylor, (1 McC. 503,) was the case of a common money bond, where this principle was recognized. And in Stroble vs. Large, (3 McC. 112,) in an action on a bond for the performance of covenants, the verdict of the jury assessing damages beyond the penalty was set aside nisi. In both these cases, the penalty was to secure the performance of the party’s own contract. The Statute of 1811 imposes a liability for the default of another, and expressly provides that it shall extend “ no further.” No recovery could be had against these defendants alone until it had been established that the corporation was dissolved, — that the debts were unpaid, and that the other stock-holders had paid in full to the extent of their liability. Those facts having been established, the complainants were entitled to a decree “ to the extent of the shares of the stock held by the defendants, and no further.” This was seven thousand dollars. But if they had been- compelled to pay to other creditors, or had made advances to the company (according to Briggs vs. Penniman) to the amount of five thousand dollars, only two thousand dollars could be recovered. The Master has fixed the amount already paid by the defendants, at twenty-seven hundred and twenty-eight dollars, leaving the sum of four thousand two hundred and seventy-two dollars as still due, in order to make up the sum of seven thousand dollars.
It is ordered and decreed, that the defendants pay to the plaintiffs, out of the trust estate, the sum of four thousand two hundred and seventy-two dollars, together with the costs of these proceedings; and that the decree of the circuit Court be modified accordingly. In all other respects the decree is affirmed.
Johnston, Dargan and Wardlaw, CC. concurred.

Decree modified.